UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HENRY NORTHERN III** | **CASE NO.  6:20-CV-00466** |
| **VERSUS** | **JUDGE JUNEAU** |
| **LANDSTAR SYSTEM INC ET AL** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM RULING

Before the Court is Plaintiff's Motion to Quash Subpoena Duces Tecum and Motion for Attorney's Fees and Costs in which Plaintiff seeks to quash Defendants' subpoena duces tecum to AT&T Wireless requesting Plaintiff's cell phone records. (Rec. Doc. 23). Defendants, Landstar Ranger, Inc., Tembo Transport, LLC, Ramone Barlow, and Old Republic Insurance Company, oppose the Motion. (Rec. Doc. 25). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is GRANTED IN PART AND DENIED IN PART with a further order limiting the scope of discovery.

### Factual Background

Plaintiff filed this lawsuit following an 18-wheeler accident on February 12, 2019. (Rec. Doc. 1). In the course of discovery, Defendants issued a subpoena duces tecum to Plaintiff's cell phone provider, AT&T Wireless, seeking Plaintiff's cell phone records for the one-month periods before and after the accident, January 12, 2019 through March 12, 2019. (Rec. Doc. 23, p. 5-6). Plaintiff filed the instant

Motion to Quash on the grounds that the request is overly broad and seeks irrelevant information. Defendants argue that the two-month period of cell phone usage records is relevant to show possible comparative fault based on Plaintiff's distracted driving at the time of the accident, that Plaintiff could have communicated with an auto repair shop or mechanic or with a medical provider in the month leading up to the wreck, or that Plaintiff could have staged the accident.

## **Applicable Law**

At issue is the scope of permissible discovery, a well-established concept:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.R.C.P. Rule 26(b)(1).

Further, the court must limit the frequency or extent of discovery when:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The Court agrees with Plaintiff that the subpoena duces tecum is overly broad. Although a two-month period of cell phone records is arguably relevant to issues of possible mechanical problems with Plaintiff's vehicle, Plaintiff's prior medical treatment, and whether the accident was staged, the Court finds that such information can be more conveniently obtained from other sources, most obviously Plaintiff's deposition and medical records. Further, the Court is especially averse to finding relevance on the issue of whether the accident was staged absent a showing of some good faith belief that the accident was staged. Indeed, Defendants' counsel is careful to note that no allegations are made or aspersions are cast toward Plaintiff or his counsel. (Rec. Doc. 25, p. 4). Otherwise, to permit unlimited access to cell phone records based solely upon the requester's unsubstantiated hope that the accident was staged is to permit a speculative fishing expedition. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).

Nonetheless, the Court finds that Plaintiff's cell phone use on the date of the accident is relevant to the issue of comparative fault. Defendant is entitled to determine whether Plaintiff was using his cell phone at around the time of the accident. Thus, the Court finds that the scope of the subpoena duces tecum should

be limited to cell phone records for the twenty-four periods before and after the accident.

The Court's ruling comports with jurisprudence from sister district courts which routinely limits the production of cell phone records in civil cases. See e.g. *Howard v. Seadrill Americas, Inc.,* No. CV 15-2441, 2016 WL 7012275, at *4 (E.D. La. Dec. 1, 2016), wherein the court quashed the defendant's subpoena to the plaintiff's cell phone provider in spite of the defendant's argument that such records were necessary to prove that the plaintiff contacted his attorney before seeking medical treatment; *Blackmon v. Bracken Constr. Co., Inc.,* No. CV 18-142-BAJ-RLB, 2019 WL 5866070, at *3 (M.D. La. Nov. 8, 2019), limiting discovery of cell phone records to a one-week period during which disputed communications occurred; and *Winter v. Bisso Marine Co.,* No. CIV.A. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) quashing a subpoena for cell phone records for a one-year period before and after the accident. Compare *Arceneaux v. Assuranceforeningen Gard Ins. Co.,* No. CIV.A. 09-654, 2010 WL 744922, at *2 (W.D. La. Feb. 25, 2010), wherein this Court found the defendant's request for the plaintiff's cellphone records for the twenty-four hour period after the accident was relevant to the plaintiff's claims.

Plaintiff further seeks an award of attorney's fees and costs; however, Plaintiff did not identify a statutory basis for such an award. Presumably, Plaintiff relies on

4

F.R.C.P. Rule 45(d)(1), which authorizes an appropriate sanction (including attorney's fees) against a party or attorney responsible for issuing and serving a subpoena who fails to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The applicability of F.R.C.P. Rule 45(d)(1) in this case is questionable, where Plaintiff was not the person subject to the subpoena – AT&T was the subject. In any event, the Court finds that an award for attorney's fees would be unjust, because Defendants' initial parameters for the subpoena duces tecum were not so unreasonable as to render Defendants or their counsel in bad faith. Further, the Court finds that Defendants' position as to the relevance of the requested records was put forth in good faith. See *Tiberi v. CIGNA Ins. Co.,* 40 F.3d 110, 112 (5th Cir. 1994). Accordingly, Plaintiff's Motion is denied insofar as it seeks an award of costs and attorney's fees.

## Conclusion

For the reasons discussed herein, Plaintiff's Motion to Quash is GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent it seeks to quash the subpoena duces tecum for cell phone records for the one-month periods before and after the accident. The Motion is denied to the extent it seeks an award of attorney's fees and costs.  The Court further limits the scope of the requested cell phone records to the twenty-four hour periods before and after the accident.

THUS DONE in Chambers, Lafayette, Louisiana on this 21st day of September, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE